IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1.     **EXECUTIVE RECYCLING, INC.**,
2.     BRANDON RICHTER, and
3.     TOR OLSON,

    Defendants.

---

### ORDER REQUIRING EXECUTIVE RECYCLING AND TECHCYCLE TO PRODUCE FINANCIAL DOCUMENTS

---

After being convicted on nine counts by a jury, a criminal judgment was entered against Executive Recycling, Inc. ("E.R.") on July 30, 2013. (ECF No. 423.) The judgment placed E.R. on probation for 3 years, assessed a fine of $4,500,000 and a special assessment of $3,600, and imposed a restitution obligation of $70,144 (joint and several with E.R.'s president, Brandon Richter). (*Id*.) At sentencing, the Court found that TechCycle—Brandon Richter's then operating electronics recycling company—was an alter ego of E.R., and that the judgment could be imposed against TechCycle as well.

As part of its supervision, the United States Probation Office entered into a payment plan with E.R., which required payment of $1,550.91 per month and was signed by Brandon Richter of behalf of E.R. (ECF No. 530.) The payment plan stated that, after 90 days of non-payment, E.R. would be in default. The last payment was

made by E.R. on January 8, 2014. (*Id*.)

On May 20, 2014, United States Probation Officer Edwin Colunga met with Brandon Richter in his capacity as former president of E.R., and advised Mr. Richter that E.R. was in default on its obligation to pay the fine imposed in the judgment. (*Id*.) Mr. Richter allegedly acknowledged that default, indicated that he understood that a violation hearing would be requested, and stated that there were no more available resources to apply towards the fine amount. (*Id*.)

Based on these facts, Mr. Colunga filed a Petition for Issuance of Summons Due to Violation of Probation, which the Court granted on June 18, 2014. (ECF No. 530.) The Court held a hearing on the Petition on September 23, 2014. (ECF No. 535.) At the hearing, Mr. Richter appeared on behalf of E.R. and admitted that E.R. was in violation of its supervision because it had failed to make the payments required under the plan. (*Id*.) Based on these admissions, the Court found that E.R. was violation of the conditions of probation. (*Id*.) The Court then ordered the parties to file briefs addressing the possible remedies for the violation. (*Id*.) The issue of the remedy for the probation of violation is presently before the Court.

A district court that imposes a criminal fine has the ability to require production of financial documents to ensure that a corporation is attempting to comply with payment of such fine. *United States v. Electrodyne Sys. Corp.*, 147 F.3d 250, 254 (3d Cir. 1998). A fine should not be waived or reduced unless, after taking a close look at the corporation's financial information, the court assures itself that the corporation is unable to pay. *United States v. Patient Transfer Serv., Inc.*, 465 F.3d 826, 828 (8th Cir. 2006);

*United States v. Nathan*, 188 F.3d 190, 215 n.13 (3d. Cir. 1999).

In its proposed order of relief, the Government requests an accounting of the assets of TechCycle and E.R., including federal and state income tax returns, profit and loss statements, balance sheets, bank statements, and itemized lists of furniture, fixtures and all equipment. (ECF No. 536.) The Government also asks the Court to order that Brandon Richter disclose his personal income tax returns, profit and loss statements, balance sheets, and bank statements. (*Id*.) Finally, the Government requests these same documents from Brandon Richter's other business, LikenewPCs, LLC, as well as a statement of that company's furniture, fixtures, equipment, and inventory. (*Id*.)

In the response brief filed by E.R. and Brandon Richter, there is no opposition to the request for materials from E.R. and TechCycle (to the extent such material is available). (ECF No. 537 at 2.) However, Brandon Richter objects to producing his personal income statements and asset materials, and objects to producing LikenewPCs financial information. (*Id*. at 3-12.) Mr. Richter contends that the Government has not shown that he disregarded the corporate form such that the proverbial corporate veil should be pierced, and that the Government failed to make the appropriate showing to permit the Court to find that LikenewPCs was an alter ego for E.R. or TechCycle. (*Id*.)

The same legal standards govern whether the Court should find that LikenewPCs is an alter ego and whether the corporate veil should be pierced. "The standards for the application of alter ego principles are high, and the imposition of liability notwithstanding the corporate shield is to be exercised reluctantly and

3

cautiously." *McCulloch Gas Transmission Co. v. Kansas-Nebraska Natural Gas Co.*, 768 F.2d 1199, 1200 (10th Cir. 1985). "The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities." *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir. 1990); see *NLRB v. Greater Kansas City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993) ("The corporate structure is an artificial construct of the law, a substantial purpose of which is to create an incentive for investment by limiting exposure to personal liability. The insulation of a stockholder from the debts and obligations of his corporation is the norm, not the exception."). It is only in "extreme circumstances" that "the corporate form will be disregarded and the personal assets of a controlling shareholder or shareholders may be attached in order to satisfy the debts and liabilities of the corporation." *Cascade Energy*, 896 F.2d at 1576.

The Court declines to order LikenewPCs to produce its financial information. At E.R.'s sentencing hearing, the Government argued that TechCycle was the same business as E.R., and provided sufficient evidence on this point such that the Court made a finding regarding its alter ego status. The existence of LikenewPCs was known to the Government at that time, yet the Government made no attempt to show that it was also an alter ego of E.R. The Government has attempted to make up for this evidentiary shortfall by submitting an affidavit from Troy Tyus, an asset investigator at the United States Attorney's Office, stating that certain assets registered to E.R. have been used by LikenewPCs. (ECF No. 536-1.) The Court has reviewed this affidavit but is unconvinced that the Government has met its high evidentiary burden of showing that the corporate form was disregarded between E.R. or TechCycle and LikenewPCs. As

4

such, the Court will not order LikenewPCs to produce any financial information.[1]

The Court further finds that the Government has not introduced sufficient evidence to permit the Court to pierce the corporate veil and require Brandon Richter to disclose his personal financial information. The only evidence presented by the Government on this point is that, at the hearing, Mr. Richter could not answer questions regarding the tax filing status of TechCycle and LikenewPCs. (ECF No. 536 at 8.) The Government also points to statements made by Mr. Richter's wife about the couple's personal income, and which seem to conflate business income with personal income. (*Id*.) Finally, the Government alleges that Brandon Richter and his wife were both employees of TechCycle and LikenewPCs at all relevant times. (*Id*.)

The Court finds that this evidence falls far short of that necessary to allow the Court to pierce the corporate veil at this time.[2] At the hearing, Mr. Richter stated that an accountant handled all tax matters for his companies, which makes his and his wife's uncertainty regarding tax status understandable. It certainly does not show that Mr. Richter disregarded the corporate form. As such, the Court denies without prejudice the Government's request for production of Mr. Richter's personal financial information.

---

[1] Should additional information arise during the audit of E.R. and TechCycle which shows that LikenewPCs was an alter ego of E.R., or which concretely shows that assets of E.R. or TechCycle were improperly transferred to LikenewPCs, the Government may reinitiate its request.

[2] The Court notes that Mr. Richter has had a separate judgment imposed against him personally, which includes a restitution obligation and a fine. (ECF No. 415.) Imposition of that judgment is stayed pending appeal, but Mr. Richter acknowledges that, should he lose his appeal, he will be required to disclose his personal financial information in furtherance of satisfying the judgment against him personally. (ECF No. 537 at 3 n.2.)

For the reasons set forth above, the Court ORDERS as follows:

1. Executive Recycling, Inc. and TechCycle, Inc. must PRODUCE the following:

    a. Federal and State Income Tax Returns for 2012 and 2013;

    b. Profit and Loss Statements for 2012 and 2013;

    c. Balance Sheets for 2012 and 2013;

    d. Bank Statements from 2012 and 2013;

2. Executive Recycling, Inc. shall PRODUCE an itemized list of all furniture, fixtures, and equipment listed on the 2009 Balance Sheet, with explanations of what happened to each item and each item's current location;

3. TechCycle, Inc. shall PRODUCE a list of all assets, including furniture, fixtures, equipment, and inventory, as of December 2012, and the detailed explanation of their disposition around September 2013, when the assets were liquidated;

4. All such disclosures shall be made to the United States Probation Department no later than December 12, 2014.

Dated this 13th day of November, 2014.

BY THE COURT:

William J. Martinez
United States District Judge